**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Nancy Wood, | : |
| | : |
| Plaintiff, | : Case No. |
| | : |
| v. | : |
| | : |
| Valentine & Kebartas, Inc., | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Nancy Wood (Plaintiff), through her attorneys, Shaevel & Krems, LLP, alleges the following against Defendant, Valentine & Kebartas, Inc. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in Massachusetts, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Spencer, Worcester County, Massachusetts.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with a business office in Lawrence, Massachusetts.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, Dell Financial Services, LLC, with an account number ending in 0213.

11. Plaintiff's debt owed to Dell arises from transactions for personal, family, and household purposes.

12. Defendant began placing calls to Plaintiff in or around April of 2012 on her work phone (774-437-7930) in an attempt to collect a debt.

13. Defendant calls from 774-314-4196 and leaves message for Plaintiff asking her to return the call to 800-731-7766, both numbers belonging to Defendant.

14. On April 23, 2012, Plaintiff spoke with Defendant's representative informing Defendant that she is not allowed to accept personal calls at her work number.

15. On April 30, 2012, Plaintiff again received a call from Defendant on her work number and informed Defendant's representative that she in not allowed to accept personal calls at her work number.

16. In May of 2012, Defendant left a voicemail message for Plaintiff on her work phone number.

17. Defendant continued to call Plaintiff on her work number on an almost weekly basis despite being told twice that she could not receive personal calls to that number.

18. In May of 2012, Defendant left Plaintiff a voicemail message which failed to state in subsequent communications that the communication was from a debt collector. *See* transcribed voicemail message attached hereto as Exhibit A.

19. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

    b. Defendant violated §1692c(a)(3) of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew, or had reason to know that Plaintiff's employer prohibits such communication.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    d. Defendant violated §1692e of the FDCPA by using false, deceptive, and

    misleading representations in connection with the collection of any debt.

  e. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

  f. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

Wherefore, Plaintiff, Nancy Wood, respectfully requests judgment be entered against Defendant, Valentine & Kebartas, Inc. for the following:

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Nancy Wood, demands a jury trial in this cause of action.

Dated: October 1, 2012                    RESPECTFULLY SUBMITTED,

                                By:    /s/ David R. Jackowitz
                                        David R. Jackowitz, B.B.O. No. 567279
                                        Shaevel & Krems, LLP
                                        141 Tremont Street
                                        Boston, MA 02111
                                        Telephone: (617) 556-0244
                                        Fax: (617) 556-0284
                                        djackowitz@shaevelkrems.com
                                        Attorneys for Plaintiff